# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MERCHANTS BANK OF INDIANA, ACTING BY AND THROUGH ITS SPECIAL SERVICER, MERCHANTS CAPITAL CORP, <br><br> Plaintiff, <br><br> v. <br><br> R. LEE HARRIS, <br><br> Defendant. | Case No. 26-2288-AJP-BGS (Lead Case) |
| MERCHANTS BANK OF INDIANA, ACTING BY AND THROUGH ITS SPECIAL SERVICER, MERCHANTS CAPITAL CORP, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT E. ESREY., <br><br> Defendant. | Case No. 26-2289-HLT-BGS |

## ORDER GRANTING MOTION TO CONSOLIDATE

This matter comes before the Court on Plaintiff's Motion to Consolidate (filed in Case No. 26-2288)[1] wherein Plaintiff asks the Court to consolidate the two above-captioned cases (26-2288-AJP-BGS, 26-2289-HLT-BGS).  Plaintiff asserts that the two matters involve some of the same parties and underlying facts, specifically, that the claims arise out of the Defendants' alleged

---

[1] No motion to consolidate or separate notice thereof was filed in Case No. 26-2289; however, the Court finds that adequate notice has been afforded to the Defendant in that case.  The same counsel who has entered for Defendant and filed an answer in Case No. 26-2288 also represents the Defendant in Case No. 26-2289.  Given this common representation, and the opportunity afforded to that counsel to respond to the motion to consolidate in Case No. 26-2288, the court concludes that defense counsel had notice of the motion and an opportunity to be heard on behalf of both defendants.

obligations under a commercial loan agreement and guaranty.  Plaintiff alleges the borrower failed to meet its contractual obligations under the loan and that each Defendant is liable pursuant to the guaranty they executed.

The Court stayed briefing on the motion pending service on the Defendant.  The same attorney appeared for Defendants in both cases and filed Answers on their behalf on July 8, 2026.  Thereafter the Court entered an order in Case No. 26-2288 setting briefing deadlines with Defendant's response due July 24, 2026.  No response was filed and the motion is unopposed.  For the reasons stated herein, the Court **GRANTS** the request to consolidate the cases for purposes of discovery.[2]

Federal Rule of Civil Procedure 42(a) governs consolidation.  That Rule allows that when matters before the Court involve a common question of law or fact, the Court may:  1) join for hearing or trial any or all matters at issue Case in the actions; 2) consolidate the actions; or 3) issue any other orders to avoid unnecessary cost or delay.  The decision to consolidate is left to the sound discretion of the Court.  *C.T. v. Liberal Sch. Dist.*, 562 F. Supp. 2d 1324, 1346 (D. Kan. 2008) (citing *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978)).  While exercising this discretion, the Court should consider whether judicial efficiency is best served by consolidation.  *Id.*; *see also* Fed. R. Civ. P. 1 (stating the federal rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action").

While these cases involve different Defendants, the Court finds that both cases involve common questions of law and fact relating to the same underlying loan transaction and the guaranties the Defendants executed on the same.  Because a basis for consolidation exists and

---

[2] Defendants' motion asks for consolidation but doesn't specify for what purpose.  **The Court grants this motion for purposes of discovery only**.  Consolidation regarding any other pretrial proceedings would be premature at this juncture.  The Court will, however, discuss with counsel the topic of consolidation for other pretrial proceedings at the upcoming Scheduling Conference.

because the Motion is unopposed, the Court consolidates the two cases for purposes of discovery.

The Court previously set scheduling conferences for September 1, 2026, at 10:00 a.m. in Case No. 26-2288-AJP-BGS and at 10:30 a.m. in Case No. 26-2289. Because the Motion is now being granted, the parties need only submit one draft Scheduling Order; further, each party need submit only one set of Rule 26(a)(1)(A) initial disclosures. The Court will convene the telephone conference at 10:00 a.m.

IT IS THEREFORE ORDERED that Defendant's Motion to Consolidate (Doc. 5), is **GRANTED** for good cause shown and as unopposed pursuant to Fed. R. Civ. P. 42(a)(2). Case Nos. 26-2288-AJP-BGS and 26-2289-HLT-BGS, as captioned above, are consolidated for purposes of discovery.

IT IS FURTHER ORDERED that the lowest-numbered case, *Merchants Bank of Indiana v. R. Lee Harris*, 26-2288-AJP-BGS, shall be designated as the lead case. All future non-dispositive filings shall be filed in the lead case only with the consolidated case caption used on this Order.

IT IS FURTHER ORDERED that for any dispositive filings or other filings the parties have sought and received leave to file in a specific case, such filings shall be filed in that specific case without a consolidated caption.

**IT IS SO ORDERED.**

Dated July 28, 2026, at Wichita, Kansas.

/s/BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge

3